# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TAMMY GONZALES,

       Plaintiff-Appellant,

  -vs-                                                           No. CV 02-0778 LH/WDS

WACKENHUT CORRECTIONS CORPORATION,
ERASMO BRAVO, Head Warden, GCCF,
TIMOTHY HATCH, Deputy Warden, GCCF,
REBECCA ORT, Lieutenant, GCCF,

       Defendants-Appellees.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss or In The Alternative for Summary Judgment (Docket No. 6), filed November 21, 2002. The Court, having considered the motion, brief, applicable law, and otherwise being fully advised, finds that the motion is well taken and shall be **granted and that the case shall be dismissed with prejudice.**

**Procedural Background**

When a Defendant's motion asserts a Rule 12(b)(6) defense and presents matters outside of the pleadings to the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. The extrinsic materials submitted by Defendants are two state court documents and a letter from the Human Rights Division of the Department of Labor. Accordingly, the Court will treat this as a motion for summary judgment, pursuant to Rule 56. Rule 12(b) also provides that all parties be given reasonable opportunity to present all material pertinent to such a

motion. Plaintiff clearly had notice of her own state court complaint, as well as the state court order of dismissal. The letter from the Human Rights Division was a necessary prerequisite to the state court case. Furthermore, these three documents were attached to Defendants' brief, which was mailed to Plaintiff's counsel on November 21, 2002. For these reasons, the Court concludes that Plaintiff has received ample notice of these documents.

Furthermore, Plaintiff has not responded in any way to Defendants' motion, despite the passage of approximately ten months since the motion was filed. Defendants' motion is titled alternatively as one for summary judgment. Given this posture, it is the determination of this Court that it is not necessary to give Plaintiff actual notice that Defendants' motion will be treated as one for summary judgment under Rule 56.

In Defendants' Notice of Completion of Briefing (Docket No. 10), Defendants cite this Court's Local Rule that the failure of a party to file and serve a timely response in opposition to a motion constitutes consent to grant the motion. The Tenth Circuit has recently clarified, in several opinions however, that a non-moving party's failure to file a response to a motion for summary judgment does not relieve the Court of its duty to make specific determinations required by FED.R.CIV.P. 56(c). *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196 (10th Cir. 2002); *see also Parker v. Cent. Kan. Med. Ctr.*, 2003 WL 408109 (10th Cir. Feb. 24, 2003)(unpublished).[1] Accordingly, this Court may grant Defendants' motion only if it demonstrates that no genuine issues

---

[1] Alternatively, if a Court desired to grant summary judgment as a sanction, it must consider those factors set forth in *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988) and *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). In this case, granting this motion as a sanction is not warranted by the mere fact that Plaintiff did not respond to the motion.

of material facts exist and that the Defendants are entitled to judgment as a matter of law.[2] Thus, it is now incumbent on the Court to determine if Defendants' motion is properly supported as required by Rule 56(c).

**Factual Background**

Plaintiff Tammy Gonzales was employed as the Fire and Safety Sergeant at the Wackenhut Corrections Corporation ("WCC") prison in Santa Rosa, from the time the prison opened in January 1999. She filed a complaint with the Equal Opportunity Employment Commission ("EEOC") and the New Mexico Human Rights Commission ("NMHRC"), alleging illegal workplace conduct against her. On March 7, 2002, following a full evidentiary hearing, the NMHRC served an order of dismissal, concluding that Plaintiff's civil rights had not been violated. Plaintiff subsequently received an EEOC right to sue letter dated April 2, 2002 and filed a *de novo* appeal of the NMHRC decision in state court. On August 22, 2002, the state court dismissed her case with prejudice. Plaintiff has not appealed the state court decision. The August 22, 2002 Order is thus a final determination on the merits for the prior case.

Plaintiff next filed the complaint now before this Court, on July 2, 2003. In this case, Plaintiff has again brought a lawsuit to redress allegedly illegal workplace conduct. Plaintiff brings all of the same causes of action under which she sued in the state case. All parties in this federal case are the

---

[2] I note that Rule 56(e) anticipates the failure of a non-movant to file a response and contemplates the consequences of failing to oppose a summary judgment motion:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

same, with the exception of one additionally named defendant, Rebecca Ort. The allegations of this second complaint are nearly identical to that of the state court complaint. The only exception is that the Plaintiff now brings her claim under 42 U.S.C. Section 1983, as well as under the provisions of Title VII, 42 U.S.C. Section 2000. Plaintiff does not allege any new facts or additional wrongdoing by Ort or any other named Defendant.

**Res Judicata**

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993) (quoting *Northern Natural Gas v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1991)). Strong public policy concerns support the doctrine of res judicata, including the need to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Id*.

In accordance with 28 U.S.C. § 1738, federal courts are required "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgment emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982). Additionally, § 1738 "commands a federal court to accept the rules chosen by the State from which the judgment is taken" and "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments." *Id*. at 481-82. This Court must therefore look to the law of New Mexico to determine if the Plaintiff's claim is precluded by the judgment entered in the Fourth Judicial District Court of New Mexico.

Under New Mexico law, there are four requisite elements for the application of res judicata: (1) the parties are identical or in privity; (2) the parties have the same capacity or character; (3) the subject matter is the same; and (4) the cause of action is the same. *City of Las Vegas v. Oman*, 110 N.M. 425, 432, 796 P.2d 1121,1128 (Ct. App. 1990). In addition, "there must have been a final decision on the merits, and the parties must have had a full and fair opportunity to litigate the issues arising out of the claim." *Id*. New Mexico, like the Tenth Circuit, has adopted the "transactional approach" of the Restatement (Second) of Judgments (1982) in determining what constitutes a "claim" or "cause of action" for purposes of res judicata. *See Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988); *Three Rivers Land Co. v. Maddux*, 98 N.M. 690, 695, 652 P.2d 240, 245 (1982), *overruled on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986). The "transactional approach" requires the Court to take into account three factors: "Whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237 (10th Cir. 1992) (citing Restatement (Second) of Judgments § 24 (1982)).

**Discussion**

Res judicata precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim. *Myers v. Olson*, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984). In determining whether a plaintiff has been denied a full and fair opportunity to litigate the claims, the Court should examine whether there was a "deficiency that would undermine the fundamental fairness of the original proceedings." *Petromanagement*, 835 F.2d at 1334. A redetermination of the

issues is warranted "if there is a reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Id*. (quoting *Petro II Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 (1982). The Court finds no such deficiencies in this case. All of the claims that are now brought by the Plaintiff could have been brought at the state court level and the Plaintiff has not asserted that the state court erred in its decision. Thus, the Plaintiff had a full and fair opportunity to litigate her claims.

In reaching this conclusion, the court has analyzed whether all four elements of res judicata have been met.

The first two elements are met with regard to three of the four Defendants in the present case because the Defendants are identical to those named in the state case and the capacity and character of those individuals is the same in both actions. The fourth Defendant, Rebecca Ort, was not previously named as a Defendant, and therefore her presence in this case requires further analysis to determine whether she is in privity with the other three Defendants.

"A person in privity with another is a person so identified in interest with another that he represents the same legal right." *Bentz v. Peterson*, 107 N.M. 597, 600, 762 P.2d 259, 262 (Ct. App.1988). This Court finds that Rebecca Ort is in privity with the other Defendants given her significant ties to the other named Defendants. Like the other named Defendants, Rebecca Ort is a WCC employee. According to the complaint, she wrote one of the disciplinary reports that preceded Plaintiff's eventual demotion. (Compl. ¶ 15). Defendant Ort's alleged involvement in the lawsuit is nearly identical to Defendant Hatch. Plaintiff fails to differentiate the present complaint from the complaint filed in state court, and more importantly fails to state in her present complaint any additional facts as to why Rebecca Ort is now a Defendant in the case. It would appear that Ort was

6

acting within the scope of her employment while performing the action for which she is sued in this matter. Like the lawyer in the *Brunacini* case cited by Defendants, Ort is "so identified in interest with another", i.e., her employer, that she "represents the same legal right", and her addition to this case does not preclude the application of res judicata. *Brunacini v. Kavanagh*, 117 N.M. 122, 126, 869 P.2d 821, 825 (Ct. App. 1993). In *Brunacini,* the first lawsuit ensued when a law firm sued a client for unpaid legal fees. After that suit was resolved, the client filed suit against the law firm for alleged legal malpractice in the case that had been the subject of the prior fee dispute, naming an individual lawyer at the firm as a defendant. The New Mexico Supreme Court found that even though the lawyer had not been named in the fee dispute, res judicata precluded the second suit, in part because the lawyer "was in privity with the [law firm] and was a member or employee of the firm at the same time he performed the legal services that gave rise to" the malpractice case. *Id*. Similarly, I conclude that Ort is in privity with WCC and was an employee at the time she performed the actions that gave rise to this second lawsuit.

The third element for the application of res judicata is also met in this case because the subject matter of the federal and state complaints is identical given that the underlying facts in both actions are the same and both actions arise from alleged unfair and prohibited employment practices by the Defendants.

The only remaining issue is whether the cause of action is the same in both cases. Plaintiff has sued here pursuant to causes of action under federal and state laws that she did not mention in her state court complaint, i.e., the New Mexico Human Rights Act, Title VII, and the United States and New Mexico constitutions. This situation was addressed in the case of *Strickland v. City of Albuquerque* where the plaintiff asserted new legal theories in a subsequent case that was otherwise

virtually identical to the prior case. *Strickland v. City of Albuquerque* 130 F.3d 1408, 1411-12 (10th Cir. 1997). In considering whether the new theories of recovery in the second case would bar a res judicata defense, the Tenth Circuit applied the "transaction view" of what constitutes a cause of action or claim based on New Mexico court's reliance on the Restatement (Second) of Judgments. *Id*. at 1411.

The essence of the transactional approach "is to see [a] claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff." Restatement § 24 cmt. a (1982). Thus, "where one act causes a number of harms to, or invades a number of different interests of the same person, there is still but one transaction." Restatement § 24 cmt. c (1982). All claims or legal theories of recovery arising from a transaction must be asserted in a single lawsuit and will be barred from subsequent litigation. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238-39 (10th Cir. 1992); *Ford v. New Mexico Dept. of Pub. Safety*, 119 N.M. 405, 414, 891 P.2d 546, 555 (Ct. App. 1994). In analyzing whether the plaintiff's claims were the same and therefore barred by res judicata, the *Strickland* court applied the Restatement factors that included: whether the facts were related in time, space, origin, or motivation, the convenience of the trial unit and whether treatment as a unit conformed to the expectation of the parties. *Strickland*, 130 F.3d at 1411-12. Under this analysis, the court found that the plaintiff's claims were the same and thus barred by res judicata. *Id*. at 1413.

As in *Strickland*, the Plaintiff's claims in the present case constitute the same cause of action and are therefore barred by res judicata. First, the operative facts in both the federal and state claims are identical and thus meet the requirement that the facts be the same in time, space, origin and

motivation.  Second, the claims as an aggregate, create a convenient unit for trial purposes.  The additional claims presented here could have been brought in state court.  In addition, as in *Strickland*, there is substantial, if not complete overlap in the witnesses and proof that would be relevant to both sets of claims.  Lastly, given the similarity of facts and the Plaintiff's opportunity to bring all related claims during the previous suit, an expectation was created that the allegations of illegal workplace conduct were resolved by the state court order.  Accordingly, the doctrine of res judicata, or claim preclusion, bars Plaintiff's complaint in this matter.

**WHEREFORE**, for the reasons stated herein, the Defendants' Motion to Dismiss or In The Alternative for Summary Judgment (Docket No.6) **is granted**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**